**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
UNITED STATES                         )
                                      )
v.                                    )
                                      ) Criminal Case
1. MARCIO COSTA,                      ) 19-cr-10190-PBS
2. JOAO PEDRO MARQUES GAMA,           )
3. EDSON DASILVA,                     )
4. BRENO HENRIQUE DASILVA,            )
5. ALVARO DOS SANTOS MELO,            )
6. VINICIUS GONCALVES DE ASSIS        )
7. IGOR COSTA, and                    )
8. MATHEUS MACHADO                    )
_____ )
```

**MEMORANDUM AND ORDER**

August 26, 2020

Saris, D.J.

**INTRODUCTION**

Matheus Marley Machado is one of eight defendants charged in connection with the activities of Primeiro Comando da Massachusetts ("PCM"). Count I of the indictment charges him with a single count of RICO conspiracy. Machado moves to dismiss the indictment on the ground that it does not provide sufficient detail to allow him to defend. After hearing, the Court **DENIES** the motion to dismiss.

**FACTUAL BACKGROUND**

Count I of the indictment charges all eight defendants with "Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity," in violation of 18 U.S.C. § 1962(d).

1

Dkt. 89 at 2. The RICO conspiracy count describes the "enterprise" as PCM, "a criminal organization composed primarily of Brazilian immigrants." Id. The indictment specifies at least eleven towns where PCM is active and alleges that it has operated in Massachusetts since 2017. Id. It describes hand signals and tattoos common to PCM members. Id. The alleged purposes of PCM include "[e]nriching the leaders, members, and associates . . . through drug trafficking, robbery, and the illegal sale of firearms," "[p]reserving, protecting, and expanding the power of PCM through the use of robberies, intimidation, violence, threats of violence, assaults, and attempted murders," "[p]romoting and enhancing PCM," and "[p]rotecting [members] from attacks by rival criminal organizations." Id. at 3-4.

Count I alleges that the eight co-defendants "each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise." Dkt. 89 at 5. The indictment lists the predicate offenses as acts involving drug trafficking, murder, and robbery under specified state and federal statutes. Id. at 6.

The other five counts of the indictment are for conspiracy to commit robbery, Hobbs Act robbery, conspiracy to distribute cocaine, dealing in firearms without a license, and alien in possession. Id. at 1. Machado is not named in those counts.

**LEGAL STANDARD**

"An indictment is sufficient 'if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy.'" United States v. Parigian, 824 F.3d 5, 9 (1st Cir. 2016) (quoting United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993)).

**ANALYSIS**

**I.  Parties' Arguments**

Machado argues the indictment is insufficient because it provides no details about the particular acts that he allegedly agreed would be committed in furtherance of PCM's purposes.[1] He continues that he could not have agreed to any of the predicate acts separately charged because he was detained when those acts were committed. The Government responds that it need only "allege the defendants agreed to commit two types of crimes that constitute the pattern of racketeering activity," not particular predicate acts. Dkt. 125 at 4.

---

[1] Machado originally argued that the indictment did not allege he personally agreed to commit two predicate acts, relying on language in United States v. Ramirez-Rivera, 800 F.3d 1 (1st Cir. 2015). See Dkt. 115 at 5-6. Ramirez-Rivera is no longer good law. See United States v. Leoner-Aguirre, 939 F.3d 310, 317 (1st Cir. 2019). The First Circuit has firmly established that the Government does not need to prove a RICO conspiracy defendant agreed to personally commit two predicate acts. See id.

**II. Discussion**

The main elements of a substantive RICO charge are "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity," meaning the commission of two or more "predicate acts." Salinas v. United States, 522 U.S. 52, 62 (1997). On a RICO conspiracy count, as charged here, "the government's burden, as to the 'pattern of racketeering activity' requirement . . ., is to prove that the defendant agreed that at least two acts of racketeering would be committed in furtherance of the conspiracy." United States v. Leoner-Aguirre, 939 F.3d 310, 317 (1st Cir. 2019). "[T]he government does not need to prove that the defendant 'himself commit[ted] or agree[d] to commit the two or more predicate acts requisite to the underlying offense.'" Id. (quoting Salinas, 522 U.S. at 65) (emphasis added).

The Government asserts it is charging a "Glecier-format" RICO conspiracy, relying on the Seventh Circuit's decision in United States v. Glecier, 923 F.2d 496 (7th Cir. 1991). In Glecier, the defendant argued the RICO conspiracy indictment against him was insufficient because it "fail[ed] to specify individual predicate acts of racketeering," in that case "the specific bribes by date and/or case name" that Glecier was alleged to have facilitated or taken as a trial lawyer and then judge. Id. at 499. As to the elements of the offense, the

Seventh Circuit held that a RICO conspiracy indictment "need only charge -- after identifying a proper enterprise and the defendant's association with that enterprise -- that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity (here, the 'pattern' being multiple acts of bribery prohibited by specified provisions of the Illinois criminal code)." Id. at 500. The court continued that "[n]either overt acts nor specific predicate acts that the defendant agreed personally to commit need be alleged or proved." Id. (citations omitted). The court noted that the indictment "specif[ied] the time period during which the alleged conspiracy operated, the locations and courts, the principal actors, and, with some detail, the specific types of predicate crimes to be committed and the modus operandi of the conspiracy." Id. These details both "adequately enabled Glecier to prepare a defense" and "bar[red] any subsequent prosecution for RICO conspiracy during the same time period and involving the same co-conspirators, enterprise and racketeering activities." Id.

    The First Circuit has not expressly followed the holding in Glecier. However, the First Circuit has approved a jury instruction that required the jury to "unanimously agree on which type or types of racketeering activity that the defendant agreed the enterprise would conduct -- for example, at least two

acts of murder, at least two acts of robbery, or at least two acts of narcotics trafficking, or all of them, or any combination of them." Leoner-Aguirre, 939 F.3d at 315. Furthermore, several other circuits have adopted Glecier's holding. See, e.g., United States v. Cornell, 780 F.3d 616, 625 (4th Cir. 2015) ("[E]very circuit to have considered this issue has concluded that for a RICO conspiracy charge the jury need only be unanimous as to the types of racketeering acts that the defendants agreed to commit."); United States v. Applins, 637 F.3d 59, 81 (2d Cir. 2011) ("[A] RICO conspiracy charge need not specify the predicate or racketeering acts that the defendants agreed would be committed[.]" (citing Glecier)); United States v. Randall, 661 F.3d 1291, 1299 (10th Cir. 2011) ("[F]or a charge of RICO conspiracy, a jury need only be unanimous as to the types of predicate racketeering acts that the defendant agreed to commit, not to the specific predicate acts themselves." (citing Glecier)); United States v. Hein, 395 F. App'x 652, 656 (11th Cir. 2010) ("[Defendants'] argument that the jury had to unanimously agree on particular and individual acts and not just the general types of predicate offenses is not supported by the law[.]").

Based on this caselaw, the Court concludes that the indictment here sufficiently details the "pattern of racketeering" element because it specifies the types of

6

predicate acts -- including the relevant code sections -- that Machado is alleged to have agreed would be committed in furtherance of the conspiracy. See Dkt. 89 at 6 (listing as predicate acts "multiple offenses involving the trafficking of controlled substances," "multiple acts involving murder," "multiple acts involving robbery," and "multiple acts indictable under [federal code section] (relating to interference with commerce, robbery, and extortion)").

The rest of Count I provides adequate detail about the alleged conspiracy to "fairly inform[]" Machado of the charges against him and "enable[] him to enter a plea without fear of double jeopardy." See Parigian, 824 F.3d at 9. While the conspiracy here is wider-reaching than the bribery ring at issue in Glecier, this indictment adequately details "the locations [where the alleged conspiracy operated], the principal actors, and, with some detail, the specific types of predicate crimes to be committed and the modus operandi of the conspiracy." See Glecier, 923 F.2d at 500.

Machado argues he could not have agreed to the predicate acts separately charged in Counts II – V of the indictment because he was detained on state charges and by ICE when those events occurred from January to April 2019. While the other counts may simultaneously be predicate acts for the RICO conspiracy count, Count I stands alone. For example, Count I

lists the "pattern of racketeering" as including "multiple acts involving murder," but there is no independent murder count. Dkt 89 at 6; cf. United States v. Yefsky, 994 F.2d 885, 894 (1st Cir. 1993) ("[E]ach count [of an indictment] must be sufficient without reference to other counts unless the allegations of those counts expressly are incorporated.") The RICO conspiracy is alleged to have existed since 2017, leaving ample time for Machado's agreement to uncharged predicate acts of the types listed in Count I prior to his state and ICE detention.

Finally, this Court previously allowed in part Machado's motion for a bill of particulars. See Dkt. 212. Although "a bill of particulars cannot save an invalid indictment," Russell v. United States, 369 U.S. 749, 770 (1962), the indictment here was not invalid. In granting Machado's bill of particulars, the Court recognized that a broad-based RICO conspiracy indictment may be sufficient to withstand a motion to dismiss and yet pose a challenge for preparing a fulsome defense.

### ORDER

For the reasons above, Machado's motion to dismiss the indictment against him is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge